## WRIGHT v. RODRIGUEZ.
### No. 16720.

Court of Appeal of Louisiana. Orleans.
March 21, 1938.

De . Lesseps S. Morrison, of New Orleans, for appellant.

Alvin R. Christovich, of New Orleans, for appellee.

JANVIER, Judge.

This litigation results from a collision between two automobiles on the Airline Highway between Baton Rouge and New Orleans at a point about 30 or 35 miles below Baton Rouge. The plaintiff, Robert Wright, was driving his automobile towards New Orleans at about two o'clock in the morning of October 18th, and the defendant, Henry E. Rodriguez, was operating his car towards Baton Rouge.

It is the contention of plaintiff that Rodriguez swerved his car to the left, or wrong side of the road, and into the side of plaintiff's car, after he had brought it to a stop, or practically to a stop, with its right front wheel off the paved portion of the highway and on the shoulder and with only a small portion of the left side still on the concrete pavement.

It is the contention of defendant that, as he was operating his car along the right side of the highway, plaintiff's car suddenly swerved from the other side across the highway, almost to the edge on the wrong side, and then suddenly turned, apparently impelled by the effort of plaintiff to bring it back to its proper position, and that the sudden swerve and maneuver back took so little time that it was impossible for defendant to bring his car to a stop, or to avoid crashing into the left side of plaintiff's car.

With plaintiff in his car were four other negroes, all of whom testify that defendant's car swerved over to the wrong side and into plaintiff's car, after it had been brought practically to a stop.

Defendant and two persons who were riding with him corroborate his statement, on the other hand, that it was plaintiff's car which went to the wrong side of the road and directly into the path of defendant.

Plaintiff maintains—and to some extent he is corroborated in this by persons who were with him—that Rodriguez, the defendant, showed evidence of intoxication after the accident occurred. Rodriguez, however, and his witnesses deny that he was intoxicated, stating that they had had only one or two drinks, and they maintain that the reason which prompted plaintiff and his witnesses to claim that they were intoxicated was that he, Rodriguez, though he intended to go to New Orleans, was actually on his way back to Baton Rouge, having turned his automobile and having become confused when he stopped at a restaurant or café shortly before the accident occurred.

In view of the contradictory statements of the respective witnesses, it would be difficult indeed to reach a conclusion as to the actual cause of the accident were it not for certain physical facts which, beyond any doubt whatever, corroborate the testimony of defendant and his witnesses. The first of these is that, as a result of the collision, the left front wheel of his automobile was so badly broken that it dropped to the ground, falling upon the brake-drum, which, because of its sharp edge, left a plain mark extending from the point at which it fell to the ground to the place at which it ultimately came to rest. Traffic officers and other witnesses showed that this mark commenced from a point a foot or so on defendant's side of the center line of the highway. This indicates plainly that the actual point of contact was on defendant's side of the highway and not near the other edge, as contended for by plaintiff.

The other physical fact to which we refer is that plaintiff's car, according to his own testimony, after the collision, was not on the side of the road on which it manifestly would have been had it been struck

while standing practically stationary, but was, in fact, on the other side of the road almost at the edge thereof. It is impossible to believe that plaintiff's car, standing almost motionless and nearly off the paved highway on one side, could have been struck from the side and knocked across the highway to the other side.

These proven facts convince us that plaintiff's version of the accident is not the correct one and that the trial court was justified in reaching the conclusion that plaintiff's own negligence was the cause of the collision.

It is therefore ordered, adjudged, and decreed that the judgment appealed from be and it is affirmed, at the cost of appellant.

Affirmed.

McCALEB, J., took no part.